IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO. 2:11CV007-B-A

ALL AMERICAN CHECK CASHING, INC.,
AND CITY OF INDIANOLA, MISSISSIPPI                                                       DEFENDANTS

**ORDER**

This cause comes before the court upon the motion of defendant City of Indianola, Mississippi, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration of the motion, response, and supporting and opposing authority, the court finds that the motion is not well taken and shall be denied.

The plaintiff, Tamika Holmes, asserts that after her purse was stolen from her vehicle in Memphis, Tennessee, on November 25, 2009, she promptly notified the Memphis Police Department and filed a police report about the incident. Upon advice of the police officer who interviewed her, the plaintiff contacted her credit card companies and credit bureaus to report the incident and to have a fraud alert placed on her social security number.

The plaintiff alleges that on that same date an individual presented herself at the Olive Branch, Mississippi office of defendant All American Check Cashing, Inc., ("All American") and identified herself as Tamika Holmes. The individual presented a check purporting to be from Target in the amount of $774.30, and the check was cashed by All American, allegedly after the defendant attempted to verify Holmes' social security number. The plaintiff asserts that All American was advised of the fraud alert placed on her social security number but cashed the check anyway. Subsequently the individual or some other individual working in concert with

the individual traveled to Sunflower County, Mississippi, and cashed other checks using the plaintiff's misappropriated identity.

All American later reported to the Olive Branch Police Department that Tamika Holmes had uttered a forgery in presenting the $774.30 check. The plaintiff was arrested by the Olive Branch Police Department on January 14, 2010. While the plaintiff was under arrest in Olive Branch, officials discovered an outstanding arrest warrant for the plaintiff from the Indianola, Mississippi Police Department issued by defendant City of Indianola for the checks that had been negotiated in Sunflower County through the misappropriation of the plaintiff's identity.

The plaintiff contends that the passing of the checks in Sunflower County was caught on video surveillance and that one of the Indianola police officers assigned to transport the plaintiff had seen copies of the surveillance prior to meeting with her. This officer allegedly stated upon meeting the plaintiff that she was not the individual who he had seen on the video negotiating the checks as Tamika Holmes. Notwithstanding the officer's knowledge that the plaintiff was not the person seen negotiating the checks, defendant City of Indianola placed a bail in the amount of $350,000.00 on Tamika Holmes.

While the plaintiff was incarcerated, the individual who had misappropriated the plaintiff's identity continued to negotiate checks in the name of Tamika Holmes. The plaintiff alleges that the City was made aware that these crimes were continuing to be committed at a time when the plaintiff was detained. Despite this knowledge, the defendant continued to charge and detain the plaintiff and held her in jail for a period in excess of seven days.

The plaintiff filed the present action on January 14, 2011, and amended her complaint on April 11, 2011, asserting claims against All American for negligence, gross negligence, and intentional infliction of emotional distress and against the City of Indianola[1] for civil rights violations in arresting her without probable cause and detaining her and depriving her of liberty with knowledge that she was not the party who committed the crimes and for establishing a bail so excessive that it, in effect, amounted to a refusal of bail. The plaintiff asserts her claims against the City of Indianola pursuant to 42 U.S.C. § 1981 *et seq.* Apparently she intended to sue under 42 U.S.C. § 1983, as addressed below. The City of Indianola has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S. Ct. at 1949-50.

---

[1] The plaintiff initially sued Sunflower County by mistake instead of the City of Indianola but dismissed the County by stipulation and included the proper defendant in the amended complaint.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

## Analysis

The plaintiff brings her claims of civil rights violations against the City of Indianola pursuant to 42 U.S.C. § 1981, which is inapplicable in the present case. Instead, she should have cited 42 U.S.C. § 1983. The defendant has stipulated that the plaintiff's failure specifically to cite Section 1983 can be cured by amendment but argues that the plaintiff has not stated a claim that is plausible on its face. The defendant contends, however, that "dismissal here is much simpler than having to parse through whether or not an underlying constitutional violation is plausible here" because the plaintiff premises her cause of action against the City upon an act of agency or vicarious liability. The defendant contends that the following statement in the plaintiff's Amended Complaint mandates dismissal of the plaintiff's claims against the City:

> [T]hese actions were taken by Defendant City of Indianola, Mississippi, by and through their actions or those of their agents.

The defendant asserts that the "claim is not plausible on its face because *respondeat superior* is prohibited in a cause of action under 42 U.S.C. § 1983."

"A supervisory officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability." *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985). Supervisory liability may exist, however, "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289 (5th Cir. 2002).

Despite the defendant's contention to the contrary, the court is unpersuaded that this action is based on the doctrine of *respondeat superior* or vicarious liability; and, at the very least, the court finds dismissal of this case premature at this stage of the litigation. It is axiomatic that in ruling on a Rule 12(b)(6) motion to dismiss, generally the court may not look beyond the pleadings, and the court finds that the plaintiff's Amended Complaint states a claim against the City that is plausible on its face. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

While the sentence from the Amended Complaint quoted above could technically be interpreted as a claim of vicarious liability, when read as a whole, the Amended Complaint sets forth sufficient allegations to meet the 12(b)(6) standard to the court's satisfaction. To survive a Rule 12(b)(6) motion to dismiss, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

To state a claim under Section 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law." *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 2012 WL 976349, at *3 (5th Cir. 2012) (quoting *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)). The plaintiff alleges arrest without probable cause, deprivation of liberty, and excessive bail.[2] These are clearly claims of constitutional violations. "The right to be free from arrest without probable cause is a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). "The Fourth Amendment provides an explicit textual source of constitutional protection concerning pretrial deprivations of liberty . . . ." *Levier v. Town of Port Barre*, 1994 WL 242661, at *1, n.2 (5th Cir. 1994). "[A] prohibition against excessive bail exists even though there is no absolute constitutional right to bail." *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). Further, the plaintiff specifically alleges "[t]hat all of [the defendant's] actions were done under the color of state law and done in compliance with the policies and procedures" of the defendant.

"The first requirement for imposing municipal liability is proof that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality." *Baker v. Holmon*, 2010 U.S. Dist. LEXIS 106416, at *5-6 (N.D. Miss. Oct. 4, 2010) (citing *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 748-49 (5th Cir. 2005)). "A local government entity may be sued 'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, or decision officially adopted and promulgated by that body's

---

[2]The defendant asserts that an arrest warrant by a neutral intermediary eliminates the claim of arrest without probable cause and that a bond set by a judicial officer eliminates a liberty interest claim, but analysis of these arguments would require the court to look beyond the pleadings, and the court is prohibited from doing so at this time.

6

officers.'" *Id.*, at *4 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Though the plaintiff refers to an individual officer who was aware that she was not the person negotiating the checks at issue, the plaintiff certainly does not assert that he was the sole tortfeasor in this action. *See id.*, at *5 ("A municipality may not be subject to liability merely for employing a tortfeasor.").

The court finds that inferences fairly may be drawn from the Amended Complaint in the present case that a "policymaker" acted on behalf of the City and that even "without overt personal participation in the offensive act" a supervisory official may have implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Cozzo*, 279 F.3d at 289. A further inference may be drawn that an "authorized policymaker[] approve[d] a subordinate's decision and the basis for it"[3] or that the City's "decision not to train certain employees about their legal duty to avoid violating citizens' rights may [have] rise[n] to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).

Ultimately the plaintiff may be unable to direct the court to any evidence that would tend to show the existence of a genuine issue of material fact regarding her allegations against the City, and her Section 1983 claims may not survive a summary judgment motion. Her complaint adequately states a claim upon which relief may be granted, however; and that is all that is required at this stage of the litigation.

---

[3]*Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978).

For the foregoing reasons, the court finds that the defendant's motion to dismiss is not well taken and should be denied. It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to dismiss is **DENIED**. Further, the court will allow the plaintiff to file a Second Amended Complaint to cure her mistake in citing the inappropriate statute in regard to her claims against the City. The plaintiff should file her Second Amended Complaint no later than fourteen days from this date.

This, the 30th day of March, 2012.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**