IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 2:11CV007-B-A

ALL AMERICAN CHECK CASHING, INC.                                              DEFENDANT

## MEMORANDUM OPINION

Presently before the court is the motion of defendant All American Check Cashing, Inc., to set aside the default judgment entered against it by this court on March 25, 2013. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is well taken and should be granted.

The plaintiff, Tamika Holmes, was the victim of theft when her purse was stolen from her vehicle in Memphis, Tennessee, on November 25, 2009. Ms. Holmes promptly notified the Memphis Police Department and filed a police report about the incident. She then contacted her credit card companies and credit bureaus to report the incident and to have a fraud alert placed on her social security number.

The plaintiff alleges that on that same date an individual presented herself at the Olive Branch, Mississippi office of defendant All American Check Cashing, Inc., ("All American") and identified herself as Tamika Holmes. The individual presented a check purporting to be from Target in the amount of $774.30, and the check was cashed by All American, despite the fact that All American allegedly verified Holmes' social security number and was advised of the fraud alert. Subsequently the individual or some other individual working in concert with the individual traveled to Sunflower County, Mississippi, and cashed other checks using the plaintiff's misappropriated identity.

All American later reported to the Olive Branch Police Department that Tamika Holmes had uttered a forgery in presenting the $774.30 check. The plaintiff was arrested by the Olive Branch Police Department on January 14, 2010. While the plaintiff was under arrest in Olive Branch, officials discovered an outstanding arrest warrant for the plaintiff from the Indianola, Mississippi Police Department issued by former defendant City of Indianola for the checks that had been negotiated in Sunflower County through the misappropriation of the plaintiff's identity. While the plaintiff was incarcerated, the individual who had misappropriated the plaintiff's identity continued to negotiate checks in the name of Tamika Holmes. After spending more than seven days in jail, Ms. Holmes was finally released. According to the plaintiff, All American, through its administrative employee Dianne Valladares and its Olive Branch office employee Pamela June Lyles, actively assisted in the prosecution of the plaintiff for more than nine months after service was rendered in the present action. The local state circuit court dropped the criminal case in an order dated November 8, 2011, stating "that the above named defendant was a victim of identity fraud and was not involved in the criminal activities that this case is based upon."

The plaintiff filed the present action on January 14, 2011, and amended her complaint on April 11, 2011, asserting claims against All American for negligence, gross negligence, and intentional infliction of emotional distress. She also sued the City of Indianola for civil rights violations but eventually settled with the municipal defendant. She served defendant All American on February 17, 2011, by certified mail at the defendant's official registered location and the office of its President and Incorporator, Michael Gray. Stephanie Gray, the wife of Michael Gray, signed and acknowledged receipt of the summons and complaint by providing her

signature on the return receipt. All American never answered the complaint, and after a March 18, 2013 hearing, this court entered a default judgment in the amount of $143,000.00 against All American on March 25, 2013. All American finally made an appearance on May 7, 2013, and subsequently moved to set aside the default judgment, asserting that service was not proper and that the judgment is void.

Analysis

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Because a default judgment has been entered in this action, the court looks to Rule 60(b), which limits the setting aside of a default judgment to certain enumerated bases, including that the judgment was procured by fraud, that the judgment is void, or that the judgment should be overturned for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "[W]hen service of process is improper, the default judgment is void, and the district court must grant a Rule 60(b)(4) motion for relief from it." *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349 (5th Cir. 1992)).

3

Federal Rule of Civil Procedure 4(h)(1) provides, "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) requires that one attempting to serve an individual within a judicial district of the United States may do so by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

If the plaintiff had attempted service pursuant to Rule 4(h)(1)(A), which directs her to Rule 4(e)(1), she would be required to follow the Mississippi rule for serving an individual defendant. Mississippi law does not allow service by certified mail on an in-state defendant. *See Triple C Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004) (citing Miss. R. Civ. P. 4) ("Service of process may not be had by certified mail upon an in-state defendant."). The plaintiff, however, states that she chose to proceed under Fed. R. Civ. P. 4(h)(1)(B). As quoted above, subpart (B) provides for service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

In the present case it is uncontested that the summons and complaint were physically delivered on February 17, 2011, by certified mail to Stephanie Gray at the official registered address of Michael Gray, the President and registered agent of All American Check Cashing, Inc., and that Stephanie Gray, the wife of Michael Gray, signed and acknowledged her receipt of

4

the package by affixing her signature to the return receipt. Unfortunately, "cases interpreting this latter half of 4(h)(1) have interpreted the term 'delivering' to mean hand delivery, not mail." *Osorio v. Emily Morgan Enterprises, LLC*, No. Civ.A.SA04CA0179-XR, 2005 WL 589620, at *2 (W.D. Texas Mar. 14, 2005). "The latter part of Rule 4(h)(1) does not provide for service of process upon corporations by mail as a matter of federal procedure." *Id.* While the plaintiff makes a compelling argument that *certified* mail, as distinguished from first class mail, requires actual hand delivery and the recipient's signature acknowledging receipt of the package, the Fifth Circuit has indicated that even certified mail is an unacceptable form of "delivering." The court has stated that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230 (5th Cir. 2004). While *Gilliam* was an unpublished opinion not intended as precedent, it nevertheless serves the purpose of revealing the Fifth Circuit's view on this matter, and this court is compelled to rule accordingly.

For the foregoing reasons, the court must find that the defendant's motion to set aside default judgment is well taken and should be granted. However, the court also finds that the plaintiff has shown good cause warranting an opportunity to remedy her failure to perfect service of process upon the defendant. The court finds that the plaintiff had a good faith belief that service of process had in fact been made upon the defendant. "[I]f the plaintiff shows good cause for the failure [to perfect service], the court **must** extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (noting that court **may** also extend time for service even in the absence of good cause). Further, "[a] discretionary extension may be warranted . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading

service or conceals a defect in attempted service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). The statute of limitations would indeed bar the refiled action in this case. For this and the other reasons set forth, the court will extend the period for perfecting service of process for an additional forty-five days from the date of this order.

<u>Conclusion</u>

The court finds that the defendant's motion to set aside default judgment is well taken and should be granted but also that the plaintiff should be allowed an additional period of forty-five days from the date of this order to perfect service of process. A separate order in accord with this opinion shall issue this day.

This, the 12th day of March, 2014.

        /s/ Neal Biggers
        **NEAL B. BIGGERS, JR.**
        **UNITED STATES DISTRICT JUDGE**