IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO. 2:11CV007

ALL AMERICAN CHECK CASHING, INC., *et al.*                                           DEFENDANTS

### **ORDER**

Presently before the court is Defendant's motion for reconsideration of the court's March 13, 2014 order granting Defendant's motion to set aside a default judgment but also granting Plaintiff an additional forty-five days to perfect service of process. Upon due consideration, the court finds that the motion is not well taken and should be denied.

Pursuant to Rule 59(e), a party may make a motion to alter or amend a judgment within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration is not "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). The motion may only be granted when the movant has clearly established "either a manifest error of law or fact" or has presented "newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment was issued." *Id.* at 864.

Defendant argues that Plaintiff should not be granted any additional time within which to perfect service of process for two reasons. Defendant first contends that Plaintiff's actions, through her counsel, amounted to contumacious conduct. The court, however, disagrees and finds that Plaintiff acted with a good faith belief that she had perfected service of process.

Defendant also argues that it will be prejudiced by having to defend an action that is over three years old. The court has previously considered and rejected these same arguments.

Defendant has not presented the court with any newly discovered evidence; nor has it raised any arguments that were not raised in its motion to set aside the default judgment. The court, therefore, finds that Defendant's motion for reconsideration should be, and the same is hereby, **DENIED.**

**SO ORDERED AND ADJUDGED** this, the 13th day of March, 2015.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**