IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                            PLAINTIFF

V.                                                                               CIVIL ACTION NO. 2:11CV007

ALL AMERICAN CHECK CASHING, INC., *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is Defendant's motion to dismiss for insufficient service of process. Upon due consideration of the motion, responses, and supporting and opposing authority, the court is ready to rule.

## FACTS AND PROCEDURAL BACKGROUND

On March 3, 2013, Plaintiff obtained a default judgment in her favor against Defendant. Two months later, Defendant appeared before this court by moving to set aside the default judgment on the ground that Plaintiff had failed to perfect service of process. This court, finding that service of process had not been properly effected, set aside the default judgment and granted Plaintiff a forty-five day extension of time within which to perfect service of process.

On Plaintiff's first attempt to serve Defendant, a process server went to Defendant's office to serve Defendant's registered agent, Michael Gray. Gray, however, was not present at that time. Gray's absence prompted the process server to ask when Gray would be available, but he was met with a vague response, only being told that Gray did not keep regular business hours. Subsequently, Plaintiff's counsel contacted Defendant's attorney in an effort to locate Defendant so that he could be properly served. Defendant's attorney, however, was not cooperative and provided no insight as to where Defendant might be. On that same date, the process server attempted to serve process on Defendant's attorney, but service was refused. On the last day of

the forty-five day extension, April 28, 2014, Plaintiff made two final attempts to effect service of process. The process server again went to Gray's place of business but was informed he was not there. The process server, left with no other choice, gave a copy of the complaint and summons to one of Defendant's secretaries. On this same date, the process server also attempted to serve process again upon Defendant's attorney. Defendant's attorney again refused to accept service, and the process server subsequently slid a copy of the complaint and summons under the attorney's door. Defendant filed this motion to dismiss for insufficient service of process on May 29, 2014.

## STANDARD OF REVIEW

Rule 12(b)(5) allows a defendant to file a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Dismissal pursuant to Rule 12(b)(5) has been held to be an "extreme sanction." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). When service of process is challenged, the serving party bears the burden of proving its validity or showing good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Good cause may exist if the applicable statute of limitations would bar the re-filed claim, or if the defendant is evading service of process. Fed. R. Civ. P. 4(m) advisory committee's note (1993). District courts consider three aggravating factors when deciding whether to dismiss an action pursuant to Rule 12(b)(5): 1) whether the delay was caused by the plaintiff himself rather than plaintiff's attorney, 2) whether there has been any actual prejudice to the defendant, and 3) whether the delay was caused by intentional conduct. *Milan v. USAA Gen. Indem. Co.*, 546 F.3d 301, 325-26 (5th Cir. 2008).

When deciding a motion to dismiss pursuant to 12(b)(5), a court, may, in its discretion, dismiss the case or extend time for service of process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

ANALYSIS

In the present case, Plaintiff was given a forty-five day extension in which to perfect service of process on Defendant. In its motion, Defendant contends that this case should be dismissed on the ground that Plaintiff has failed to properly serve Defendant.

It is true that Plaintiff has failed to strictly comply with the rules for service of process, under both the federal rules and Mississippi rules. The court, however, finds that Plaintiff acted in good faith and with due diligence attempted to serve Defendant's registered agent, Michael Gray. Within a week's time, Plaintiff attempted service of process on Defendant four times. A process server went to Gray's place of business twice in one week to serve him only to be told that Gray was not in and did not keep regular business hours. Plaintiff also attempted to effectuate service of process upon Defendant's attorney twice within one week. If this were not enough, Plaintiff's attorney contacted Defendant's attorney requesting help in finding Defendant so that Plaintiff could properly serve Defendant but to no avail.

The court finds that Plaintiff has shown good cause for her failure to perfect service of process upon Defendant. Based on the facts presented, it appears to the court that Defendant has been successful in evading Plaintiff's attempts of service of process despite Plaintiff's reasonable diligence.[1] Furthermore, Defendant has had actual knowledge of the claims against it, as it has made an appearance before this court prior to this motion to dismiss.

---

[1] Under Mississippi law, when a defendant has successfully evaded service of process despite a plaintiff's reasonable diligence, service of process can be effectuated by serving the Mississippi Secretary of State. Miss. Code Ann. § 79-35-13(b).

CONCLUSION

For the foregoing reasons, the court finds that Defendant's motion to dismiss for insufficient service of process is not well taken and should be denied. The court will allow Plaintiff an additional fifteen days to perfect service of process upon Defendant. A separate order in accord with this opinion shall issue this day.

This, the 13th day of March, 2015.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**