IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                   PLAINTIFF

V.                                                         CIVIL ACTION NO. 2:11CV007-NBB-SAA

ALL AMERICAN CHECK CASHING, INC., *et al.*                                  DEFENDANTS

## ORDER

This cause comes before the court upon Plaintiff's motion to set aside the court's March 13, 2014 order granting Defendant's motion to set aside a default judgment. Upon due consideration of the motion, response, and authority, the court finds the motion is not well taken and should be denied.

When Plaintiff first commenced suit, she attempted to perfect service of process by sending a copy of the complaint and summons via certified mail which was signed for and accepted by Stephanie Gray, the wife of Defendant's registered agent, Michael Gray. Plaintiff argues that this method of service of process upon Defendant was proper under the Mississippi Registered Agents Act. Plaintiff is mistaken. This act merely permits an entity to be served by serving its registered agent. *See* Miss. Code Ann. § 79-35-13. Stephanie Gray was not and is not a "registered agent" of Defendant's and, consequently, this argument is without merit.

Plaintiff also argues that service of process may be effectuated if done in accordance with "a pattern and practice" established by Defendant for accepting service. Plaintiff argues that Defendant has accepted service of process in this manner before without objecting and that this evidences a "pattern and practice" on which Plaintiff was permitted to rely. Plaintiff's reliance on this proposition, however, is misplaced. The authority on which Plaintiff relies actually

contradicts this argument. *See City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206 (5th Cir. 2005).

Plaintiff finally makes an irrelevant argument that courts in other jurisdictions allow service of process by certified mail. *See Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230 (M.D. Ala. 2005). In the present case, the court is applying the Mississippi Rules of Civil Procedure, and Mississippi does not allow service of process upon an in-state defendant by certified mail. *See* Miss. R. Civ. P. 4.

The court notes that on March 13, 2015, it denied Defendant's motion to dismiss for insufficient service of process and granted Plaintiff a fifteen-day extension within which to perfect service of process upon Defendant. To date, Plaintiff has not taken advantage of this extension of time. This is the second extension the court has granted Plaintiff. The court previously allowed a forty-five day extension for service, and Plaintiff was unsuccessful in her attempts to serve Defendant during that period. She has never attempted to serve Defendant through the Secretary of State. Plaintiff will be allowed one more extension, as the court always prefers that cases be decided on their merits. Consequently, Plaintiff will be allowed twenty-one (21) days from the date of this order to complete a valid service. There will be no further extensions.

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to reinstate the default judgment is **DENIED.**

This, the 27th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**