IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 2:11CV007-B-A

ALL AMERICAN CHECK CASHING, INC.                                            DEFENDANT

## ORDER DENYING PERMISSION TO TAKE INTERLOCUTORY APPEAL

This cause comes before the court upon the defendant's motion for permission to take interlocutory appeal to the United States Court of Appeals for the Fifth Circuit. Upon due consideration, the court finds that the motion is not well taken and should be denied.

The defendant moves the court to certify the following question for interlocutory appeal: "Is a litigant, such as Ms. Holmes, entitled to multiple extensions of the statute of limitations to perfect service of process pursuant to Fed. R. Civ. P. 4(m)?" The question arises from this court's March 13 and March 27, 2015 orders granting the plaintiff extensions of time in which to perfect service of process. The defendant asserts that granting multiple extensions to allow the plaintiff to perfect service of process is an abuse of the court's discretion and is fundamentally unfair to All American. The court disagrees. The court granted these extensions because it appeared that the plaintiff's allegations that the defendant had attempted to evade service were most likely well-founded, because the plaintiff set forth good cause for her failure to perfect service of process, and because the court has broad discretion to extend the time for service even if the plaintiff lacks good cause.[1]

---

[1] *See, e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

As the defendant correctly states, an interlocutory appeal is reserved for exceptional circumstances in which three statutory criteria are met. If the district judge is "of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing . . . ." 28 U.S.C. § 1292(b). The Court of Appeals may then, within its discretion, permit an interlocutory appeal of the order.

This court finds that the criteria set forth in 28 U.S.C. § 1292(b) are not met in this case, and the defendant's motion is not well taken. It is, therefore,

**ORDERED AND ADJUDGED** that the defendant's motion for permission to take interlocutory appeal to the United States Court of Appeals for the Fifth Circuit is hereby **DENIED**.

This, the 7th day of July, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**