IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                                     PLAINTIFF

V.                                                                         CIVIL ACTION NO. 2:11CV007-B-A

ALL AMERICAN CHECK CASHING, INC.                                                    DEFENDANT

**MEMORANDUM OPINION**

Presently before the court is the motion, by special appearance, of defendant All American Check Cashing, Inc., to dismiss the plaintiff's second amended complaint. Upon due consideration, the court finds that the motion is not well taken and should be denied.

The defendant moves to dismiss for the plaintiff's alleged failure to perfect service of process. The plaintiff has attempted to serve the defendant on numerous occasions without success apparently due in large part to the defendant's alleged evasion tactics. Initially, in February 2011, the plaintiff sent a copy of the summons and complaint via certified mail to the defendant. The certified mail was signed by the spouse of the president and registered agent of the defendant; yet the defendant claims to have had no knowledge of this action until after a default judgment was entered against it – over two years after the defendant's spouse signed for the certified mail. Later, after this court set aside the default judgment, the defendant admitted it instructed its counsel to refuse the acceptance of service of process. The plaintiff contends that subsequently she sent the summons and complaint to be served upon the defendant's registered agent and that the process server made multiple attempts to serve said process without success. Because it appeared that the defendant may have indeed attempted to evade service, because the plaintiff set forth good cause for her failure, and because the court has discretion to extend the

time for service even if the plaintiff lacks good cause,[1] the court ultimately granted subsequent extensions for service. The court will examine two of the plaintiff's attempts to perfect service of process during this extension period.

On March 13, 2015, the court granted the plaintiff an additional fifteen days within which to perfect service of process.[2] The last day of this fifteen-day extension fell on a Saturday; thus, according to Federal Rule of Civil Procedure 6(a)(1)(C), the deadline was Monday, March 30, 2015. The plaintiff asserts that on March 24, 2015, a valid summons bearing the name of defendant All American Check Cashing, Inc., was hand delivered to the Mississippi Secretary of State's satellite office in Hernando. The summons was received by Ms. Mary Phillips Neyman, who forwarded the summons to the Secretary of State's office in Jackson, where it was received at 9:47 a.m. on Thursday, March 26, 2015. A letter signed by the Assistant Secretary of State and made part of the record in this action explicitly states that service was accomplished on the Secretary of State on March 30, 2015.

The defendant sets forth a litany of alleged defects with this service, including that the summons itself, dated April 7, 2014, had expired, that the summons erroneously set forth the defendant's attorneys as its agents for service and the law firm's Memphis, Tennessee address as the location of the defendant, that the proof of service does not reflect the date the papers were delivered to the Secretary of State's Hernando office, and that the process server failed to affirm that the papers were delivered.

---

[1] *See, e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

[2] The court provided a subsequent extension on March 27, 2015, but this extension is not relevant to the court's examination of this particular attempt at service, as the service was accomplished within the time allotted by the March 13 extension.

First, the defendant cites only Federal Rule of Civil Procedure 4(m) as authority for its argument that the summons itself had expired. Rule 4(m), however, refers merely to the 120-day time lime for *service* and does not address expiration of the summons document itself. The defendant has cited no other authority for its position that the April 7, 2014 summons had expired, and the court rejects this argument.

Second, the plaintiff's erroneously listing the defendant's attorneys as agents for service of process is irrelevant. The relevant service in this instance was on the Secretary of State. If such service is effectively accomplished, the defendant itself is deemed served. As the plaintiff correctly notes, service on the Secretary of State is in lieu of service on the company as a final recourse, not in addition to such service. The Secretary of State is substituted for the defendant. Mississippi Code § 79-35-13(b) provides in pertinent part: "If the governors of the entity cannot with reasonable diligence be served, service of process against the entity shall be upon the Secretary of State in accordance with the Mississippi Rules of Civil Procedure." The summons contained the correct name of the defendant, its attorneys, and the attorneys' address. This should have been more than adequate information for the Secretary of State to locate and officially place the defendant on notice of the existence of this action against it (actual notice of which the defendant has had for years despite its numerous alleged attempts to evade service).

Third, the process server's failure to include a date on the proof of service is without consequence for two reasons. First, according to the defendant's own argument, the date of delivery to the Hernando satellite office of the Secretary of State is irrelevant, as service could not be perfected until the documents reached the Jackson office. (The court disagrees with this assertion and will address that matter below.) Second, the Secretary of State formally recognized

3

March 30, 2015, as the date of service, thereby rendering the question of the Hernando delivery date moot. It is unclear to the court why the Secretary of State chose this date as opposed to the date of actual delivery to the Hernando office of March 24, 2015, or at least the date the documents arrived at the Jackson office, March 26; but the matter is irrelevant, as March 30 is within both the extension granted on March 13, 2015, and the extension granted on March 27, 2015.

Finally, contrary to the defendant's assertion, the process server, though he initially omitted the date, did affirm that he personally delivered the summons to the Secretary of State's Hernando office. Additionally, the plaintiff has now filed as part of the record in this cause the process server's affidavit setting forth the details of his service on the Secretary of State's office. Further, the Secretary of State's formal recognition that process was served on March 30 renders the defendant's argument moot.

The court is inclined to accept this service attempt as valid and effective but is troubled by one fallacy. While the Federal Rules of Civil Procedure do not address whether a summons can expire, they do address the procedure for issuance of the summons. Rule 4(b) provides in relevant part:

> **Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.

The summons issued on April 7, 2014, contained the defendant's name, the names of its attorneys, and the attorneys' address. Before serving this summons on the Secretary of State, the plaintiff's attorney wrote in "c/o MS Secretary of State (by court order) 316 West Commerce Street Hernando MS 38632" beneath the original content setting forth the defendant's name and

location. The better practice would have been for the summons to be reissued with this additional information, and the court considers this failure a possible technical defect; however, "[w]here a summons contains a technical defect, but that defect does not prejudice the defendant, the error is harmless and does not warrant dismissal." *Treadway v. River Region Med. Corp.*, No. 5:06-20, 2007 WL 43824 at *2 (S.D. Miss. Jan. 5, 2007). The court finds that this defect does not prejudice the defendant as to the underlying purpose for service in the first instance – that is, notice of pending litigation against the defendant – because the defendant has had actual notice of this litigation for years. The defendant is, however, potentially prejudiced if the court accepts this service attempt as valid because the defendant did not file its special appearance to contest sufficiency of service of process, thereby tolling the time period to file its answer to the second amended complaint, until May 5, 2015, well after the 21-day time period for filing its answer had passed. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); 12(a)(4)(A). Because of this prejudice to the defendant and because it was reasonable for the defendant to consider the plaintiff's service attempt as possibly defective, the court would be inclined to make a finding of excusable neglect and extend the defendant's time to answer pursuant to Rule 6(b), but the court may only do so upon motion of the defendant, as the time period at issue has expired. *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). If the defendant so moves within a reasonable time, the court will entertain the motion.

The court also finds that the plaintiff's subsequent attempt to serve the defendant is valid. As mentioned above, the court provided an additional 21-day extension for service on March 27, 2015. A summons was issued on April 2, 2015, listing the defendant as "in care of" the

Secretary of State and including the Secretary of State's Hernando address. The summons was hand-delivered to Mary Phillips Neyman at the Secretary of State's Hernando office on April 17, 2015, the final day of the 21-day extension. As before, Ms. Neyman forwarded the documents to the Jackson office, where they were received on or before April 23, 2015. Also as before, the Secretary of State issued a letter signed by the Assistant Secretary which included a "Date of Service on Secretary of State," in this instance, for April 23. The court is not persuaded that this is the effective date of service despite the assertion of the defendant – or the Secretary of State, for that matter. The statute authorizing substitute service on the Secretary of State, as set forth above, provides: "If the governors of the entity cannot with reasonable diligence be served, service of process against the entity shall be upon the Secretary of State **in accordance with the Mississippi Rules of Civil Procedure**." Miss. Code Ann. § 79-35-13(b) (Emphasis added). The statute provides simply that service shall be in accordance with the Mississippi Rules of Civil Procedure – not in accordance with the internal policies and procedures of the Secretary of State's office. It is perfectly reasonable to assume that any branch office of the Secretary of State – an office of public service – be it in Hernando, Jackson, or elsewhere, holds authority to accept service of process on behalf of the Secretary of State.

"Apparent authority exists when a reasonably prudent person, having knowledge of the nature and the usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have." *Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994) (quoting *Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987)). The process server here, Mr. Thomas Montgomery, states as follows:

6

> On March 24, 2015, I personally delivered to the Mississippi Secretary of State's office in Hernando, Mississippi, a copy of the Summons and Amended Complaint in the above matter to Ms. Mary Phillips Neyman, 316 W. Commerce Street. This Summons was issued in the name of All American Check Cashing, Inc., and had care of the Mississippi Secretary of State written on the front page. I explained that I was serving process as directed by Attorney Lofton. The Summons and Amended Complaint were accepted by Ms. Neyman without incident.

The existence of apparent authority is a question of fact to be determined by the jury;[3] therefore, this court makes no finding in this regard. It is, however, clear to the court that a reasonable jury should find apparent authority in this instance. According to Mr. Montgomery, Ms. Neyman accepted the process "without incident," thereby indicating to any person of reasonable prudence that she held the authority to do so. Such a finding of apparent authority is not required before the court may issue a ruling in this matter, however, because the court finds that the plaintiff fully complied with the statute authorizing substituted service on the Secretary of State as well as the Rules of Civil Procedure.

More than four years have been consumed on procedural matters in this case – primarily the ongoing service of process issue. By holding that the plaintiff has accomplished valid service of process, the court has resolved the issue at this point, and this case may finally move forward to a disposition on the merits. The parties are advised that the court will entertain no motions to reconsider this ruling.

This court finds that the plaintiff perfected service of process on the defendant via the Secretary of State pursuant to Mississippi Code § 79-35-13(b) within the applicable deadlines.

---

[3]*Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994).

For this reason and in accordance with the forgoing analysis, the court finds that the defendant's motion to dismiss should be denied. A separate order in accord with this opinion shall issue this day.

This, the 7th day of July, 2015.

       /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**