# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TAMIKA HOLMES                                                                         PLAINTIFF

v.                                       CIVIL ACTION NO: 2:11-CV-7-NBB-SAA

ALL AMERICAN CHECK CASHING, INC.                           DEFENDANT

## ORDER DENYING MOTION FOR
## LEAVE TO AMENDED COMPLAINT

Plaintiff has moved to amend her complaint[1] to join the City of Bolivar, Tennessee as a party as a result of a recent arrest. Docket 148. Although defendant has not objected to the proposed amendment, defendant did raise a question whether the court may exercise personal jurisdiction over the City of Bolivar in this case. Docket 149, p. 2. Plaintiff has filed no reply in support of her motion despite the strong arguments raised by defendant, and the time for filing a response has run.

A party desiring to amend its complaint after an answer has been served must receive written consent of the opposing party or obtain leave of court. FED. R. CIV. P. 15(a). The Fifth Circuit has held "[a]mendments should be liberally allowed," but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of

---

[1] Plaintiff initially filed a Motion for Joinder of Defendant, City of Bolivar, Tennessee (Docket # 145) that will be considered along with her Motion to Amend/Correct Complaint.

amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant asserts, and the court agrees, that plaintiff's proposed amendment or joinder would be futile because the City of Bolivar, Tennessee is not subject to the personal jurisdiction of this court. Docket 149, p. 2. The United States Supreme Court established in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) that a court may only exercise personal jurisdiction over a defendant when the defendant has sufficient contacts with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." The Court has further said that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Plaintiff has not alleged any activity on behalf of the City of Bolivar, Tennessee that occurred in Mississippi or any actions that the City of Bolivar, Tennessee has taken to avail itself of the privilege of conducting activities within the State of Mississippi. In fact, her Proposed Amended Complaint as it relates to the City of Bolivar, Tennessee alleges that plaintiff "was taken into custody initially by the Memphis Police Department and then transported by the City of Bolivar. The City of Bolivar held her overnight until she was released on January 7, 2015." Docket 148, Exhibit 1, p. 6.

Plaintiff does not make any claim that the City of Bolivar, Tennessee otherwise has subjected itself to personal jurisdiction in this court. Therefore, this court cannot exercise personal jurisdiction over the City of Bolivar, Tennessee, and the Amended Complaint would be

futile. Plaintiff's Motion to Amend/Correct Complaint (Docket 148) and Motion for Joinder of Defendant, City of Bolivar, Tennessee (Docket 145) are DENIED.

This, the 20th day of November, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE