# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**TAMIKA HOLMES**                                                   **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO: 2:11-CV-7-NBB-SAA**

**ALL AMERICAN CHECK CASHING, INC.**                          **DEFENDANT**

## ORDER DENYING MOTION TO QUASH

Defendant ("All American") seeks an order quashing a subpoena issued to the Mississippi Department of Banking and Consumer Finance. Docket 161. Defendant asserts that the subpoena should be quashed under FED. R. CIV. P. 26(b)(2)(C) concerning limitations on discovery and FED. R. CIV. P. 45(d)(2)(B) which allows "[a] person commanded to produce documents [to] serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing . . . ." However, Rule 45(d)(2)(B) permits only the party commanded to produce the documents to file an objection. Not only is All American *not* the party commanded to produce documents, but the document it filed is not an objection; instead, it filed a motion to quash that properly falls under Rule 45(d)(3). Because the motion does not even cite the proper rule for the relief requested, it does not even include information necessary to satisfy the standards set forth in Rule 45(d)(3) for either requiring the court to quash a subpoena or permitting the court to quash the subpoena. The court nevertheless reviews the subpoena under the parameters set forth in the applicable rule.

Rule 45(d)(3)(A) requires the court to quash a subpoena which:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits
        specified in Rule 45(c);

> (iii) requires disclosure of privileged or other protected matter, if
> no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Defendant has not demonstrated any of the four elements necessary to require the court to quash a subpoena. Clearly the subpoena provided a reasonable time to comply and did not require production beyond the geographical limits allowed. It does not require the disclosure of privileged or other protected matter and specifically requests the portion of the file that is not confidential. Last, defendant is not entity producing the documents, so it may not claim any undue burden.

The court may quash or modify a subpoena under Rule 45(d)(3)(B) if it requires:

> (i) disclosing a trade secret or other confidential research,
> development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that
> does not describe specific occurrences in dispute and results
> from the expert's study that was not requested by a party.

The subpoena to Mississippi Department of Banking and Consumer Finance does not seek documents concerning trade secrets, other confidential research, etc. or information relating to an expert's opinion. Therefore, quashing or modifying the subpoena under Rule 45(d)(3)(B) would be improper.

Rule 26(b)(1) has recently been amended to allow discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," adding specific qualifiers to be considered. The United States Supreme Court has held that the rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 2d 451 (1947). The parties' mutual knowledge of all the relevant facts is a prerequisite for proper litigation. *Dollar v. Long Mfg., N.C., Inc.* 561 F.2d 613,

616 (5th Cir. 1977).

Considering the scope of Rule 26, the court is of the opinion that the subpoenaed documents are likely not only relevant, but very important to plaintiff's case. The plaintiff must be able to discover evidence to support her claim, and the subpoena to Mississippi Department of Banking and Consumer Finance pertain to the plaintiff's claims. Therefore, defendant's motion is **DENIED**. However, in order to protect the privacy interests of defendant and any third parties, it is hereby **ORDERED** that all documents produced in response to the subject subpoena are confidential and may only be viewed by plaintiff's counsel and individuals directly employed by plaintiff's counsel to work on this matter. Admissibility will, as always, be determined by the trial judge. Plaintiff must not be allowed to view these documents unless prior permission is obtained from the court.

This, the 28th day of January, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE