THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                       PLAINTIFF

v.                                                       CIVIL ACTION NO: 2:11-CV-7-NBB-SAA

ALL AMERICAN CHECK CASHING, INC.                                       DEFENDANT

## ORDER DENYING MOTION TO STRIKE

Defendant has moved to strike plaintiff's expert for failure to comply with Federal Rule of Civil Procedure 26. Docket 163. Defendant asserts that plaintiff's response to an interrogatory concerning the identification of plaintiff's experts did not satisfy the requirements of Rule 26 in that it did not include a signed, written report, the facts and data considered by Mr. Ronald Hauri in formulating his opinions, any exhibits that he would use, the list of cases in which he has served as an expert in the previous four years or the compensation he is to be paid for his testimony. Defendant claims that the Designation of Experts filed by plaintiff on November 30, 2015, the expert designation deadline established by the Case Management Order, attempted to cure the deficiencies in plaintiff's discovery responses, but nevertheless should be stricken because it was different in kind from the type of testimony described in response to Interrogatory No. 10. The issue of whether the expert testimony of Mr. Hauri are the type that will assist a trier of fact and are admissible is an issue for the trial judge. However, the issue of timeliness and compliance with Rule 26 is an issue for the undersigned.

The purpose of the Rule 26 disclosure requirements is to ensure that the parties are not surprised by a new witness or expert on the eve of trial, not to create artificial, technical hurdles for the party who offers expert testimony or a means for opposing parties to avoid otherwise

procedurally compliant evidence.  Certainly there is no element of surprise in plaintiff's designation of her expert by the deadline set forth in the Case Management Order.  Plaintiff clearly complied with Rule 26 in designating Mr. Hauri by November 30, 2015, and the designation is complete in that it included all of the elements of Rule 26.  Defendant has filed a motion to compel responses to discovery and did not raise any issue concerning plaintiff's response to Interrogatory 10.  Therefore, defendant's Motion to Strike the designation of Mr. Ronald Hauri as untimely or for failure to comply with Rule 26 is DENIED.

The issue of an attorney's fee award is reserved for the trial judge.  However, defendant is warned that any future motions such as this that do not appear to be filed in good faith or based in law and are instead intended to harass plaintiff and her counsel will result in sanctions.  Additionally, the "Certification of Consultation" filed by Megan B. Ross does not confirm the type of good faith in reaching a resolution the court expects the parties to perform.  Before filing any future discovery motions, the parties must confer via telephone and provide the court with a statement as to why they could not reach a resolution.  The kind of bickering that continues between counsel in this matter is not the norm in this district and will not be allowed to continue.

This, the 9th day of February, 2016.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE