THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMIKA HOLMES                                                                PLAINTIFF

v.                                                    CIVIL ACTION NO: 2:11-CV-7-NBB-SAA

ALL AMERICAN CHECK CASHING, INC.                                  DEFENDANT

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Tamika Holmes has moved to compel defendant to provide complete responses to Interrogatories and to provide executed responses as required by Federal Rule of Civil Procedure 33(b)(5). Docket 176. The undersigned has reviewed plaintiff's Motion, Memorandum Brief (Docket 177) and defendant's Response (Docket 181), and concludes that the Motion to Compel should be **GRANTED**.

Plaintiff propounded Interrogatories to defendant before the Case Management Conference on August 6, 2015. Because both the Federal Rules of Civil Procedure and the Local Uniform Civil Rules require that discovery not be propounded before the Case Management Conference, the parties agreed that responses would be due on November 20, 2015. Defendant provided incomplete responses to the Interrogatories, and no representative of All American Check Cashing, Inc. signed the answers as required by Rule 33(b)(5). Despite plaintiff's raising this issue in her Motion to Compel, defendant has still not provided executed responses and did not address the issue in its Response.

This type of blatant failure to satisfy the most basic elements of a response to a discovery request is reflective of defendant's defense strategy thus far in this action and will not be tolerated in this court. Defendant is **ORDERED** to provide complete responses to

Interrogatories including the signature of the All American Check Cashing, Inc. employee who answers the Interrogatories within seven (7) days of the entry of this order. Failure to provide the discovery as ordered will result in the imposition of sanctions upon plaintiff and its counsel, including but not limited to the possibility of striking all of defendant's defenses to plaintiff's claims and an adverse inference instruction to the jury. Defendant's tactics to date suggest that defendant is hiding something that it does not want plaintiff to discover. The court is serious about its directives to defendant and its counsel to begin working with plaintiff's counsel in good faith and to refrain from further tactics to avoid production of documents and relevant information in discovery.

Plaintiff's counsel emailed all attorneys of record for defendant concerning the deficiencies on December 21, 2015, faxed a letter to defense counsel on December 22, 2015, and did not file his Motion to Compel until January 2, 2016. Defense counsel implies that plaintiff's counsel should have further consulted with her before filing the motion. However, on prior occasions defense counsel has emailed plaintiff's counsel concerning a discovery issue one afternoon and filed a motion the following day. Plaintiff's counsel clearly allowed sufficient time for a proper response from defendant, but received nothing other than an indication that Mrs. Ross would review the responses and address the concerns. Those concerns were not addressed, so plaintiff had to proceed with filing a motion. These petty arguments are unprofessional and unnecessary in the context of these motions, particularly given that defendant has woefully failed to respond to discovery.

The parties have not resolved any objections raised by defendant in response to the Interrogatories or any issues addressed in the Motion to Compel. Therefore, each Interrogatory

will be addressed separately below.

Interrogatory 1: Plaintiff seeks the identity of any "charges or complaints against the Defendant alleging violations of any civil law or regulation, including the investigation conducted by the Mississippi Department of Banking and Finance, or any other state or federal auditor." Defendant provided a broad objection that the request is vague, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and as intending to annoy and harass defendant. The undersigned denied defendant's motion to quash the subpoena issued to the Mississippi Department of Banking and Finance (Docket 182) and concluded that the documents relating to the investigation conducted by the Mississippi Department of Banking and Finance "are likely not only relevant, but very important to plaintiff's case." This Interrogatory similarly seeks information that is both relevant and important to plaintiff's case. Plaintiff's motion as to Interrogatory 1 is **GRANTED**. Defendant is **ORDERED** to provide a detailed, complete response without any objection within seven (7) days of the entry of this order.

Interrogatory 5: Plaintiff seeks the identification of any "charges or complaints against the defendant alleging violations of any civil law or regulation, including the investigation conducted by the Mississippi Department of Banking and Finance . . . ." Defendant objected to the Interrogatory as overly broad, unduly burdensome, irrelevant, as protected by the attorney-client privilege and as designed to annoy and harass defendant. Docket 177, p. 3. However, despite asserting attorney-client privilege, defendant has not produced any privilege log as required by Rule 26. Just as with Interrogatory 1, plaintiff's request is relevant and important to plaintiff's case. Clearly, if defendant has a history of improper maintenance of records concerning debt

owed by customers and improper pursuit of customers, that information is necessary to the prosecution of plaintiff's case. Plaintiff's motion as to Interrogatory 5 is **GRANTED**. Defendant is ORDERED to identify all charges or complaints against it alleging malfeasance in the pursuit of debt owed by customers and customers it believes to be delinquent within seven (7) days of the entry of this order.

Interrogatory 6: Plaintiff has requested that defendant identify whether it has any policies and procedures relating to the prevention of identity theft or any security measures taken to prevent fraud or forgery. Defendant responded by identifying a set of 66 documents, but did not indicate whether it does actually have any policies or procedures relating to identity theft or security measures aimed at preventing fraud or forgery. Rule 33 allows the option to produce business records if the answer to the interrogatory may be determined from examining the records and if the burden of ascertaining the answer will be substantially the same for either party. Defendant simply stated, "See policies of All American attached hereto as documents numbered All American 24 - All American 90." Defendant did not provide any detail concerning the policies or where in the documents the policies may be found. Neither party has provided the court with a copy of the documents produced, but clearly plaintiff's counsel has not been able to ascertain whether defendant has policies or procedures relating to identity theft or security measures aimed at preventing fraud or forgery from the documents produced. Therefore, plaintiff's motion as to Interrogatory 6 is **GRANTED**. Defendant is **ORDERED** to respond to Interrogatory 6 in writing, specifically identifying the pages of each policy identified within seven (7) days of the entry of this order.

Plaintiff has requested attorney's fees incurred in filing the Motion to Compel. Docket

177, p. 4. Defendant did not respond to plaintiff's request for attorneys fees in its Response. Docket 181. Rule 37(a)(5) provides that:

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Plaintiff's motion to compel has been granted in its entirety. Defendant failed to supplement its responses or even provide signed responses even after plaintiff filed her motion to compel. Therefore, defendant or its counsel must pay the plaintiff's reasonable expenses, including attorney's fees, incurred in filing the motion to compel. By February 18, 2016, plaintiff must submit an itemization of all reasonable fees and expenses incurred in connection with the motion to compel. Defendant may file objections to this itemization by February 25, 2016. If no objections are filed, plaintiff's itemization of fees and expenses will be deemed reasonable, and defendant must tender the total amount claimed to plaintiff no later than March 3, 2016.

**SO ORDERED**, this, the 10th day of February, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE